**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE     )
                         )
        v.             )
                         )     ID#: 2109011647
LARRY SAUNDERS,    )
                         )
     Defendant.     )

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL - GRANTED

This 15th day of July, 2024, after having considered Larry Saunders (hereinafter "Saunders") Motion for Appointment of Counsel (the "Motion") and the record in the matter, it appears to the Court that:

1. Saunders, *pro se*, pled guilty to one count each of Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, and Drug Dealing.[1] Saunders was sentenced on May 15, 2023 to 15 years at supervision level 5, suspended after 12 years 6 months at supervision level 5, for 2 years at supervision level 4 DOC discretion, suspended after 6 months at level 4, for 18 months supervision level 3 on the Possession of a Firearm by a Person Prohibited charge, 8 years at supervision level 5, suspended for 18 months at supervision level 3 on the Drug Dealing charge, and 8 years at level 5 suspended immediately for 18 months supervision level 3 on the Possession of Ammunition by a Person Prohibited

---

[1] See *State v. Saunders*, Criminal Action No. 2109011647, D.I. 68.

charge.[2] While Saunders was *pro se* at the time of both the plea and the sentencing hearing, Alicea Brown, Esquire, served as stand-by counsel.

2. Upon arraignment, Saunders was represented by Cathy Johnson, Esquire, then of the Office of Defense Services.[3] Following a series of letters to the Court by Saunders directly, and a Motion to Withdraw as Counsel filed by Ms. Johnson, Saunders was eventually permitted to proceed *pro se*.[4] Ms. Brown was appointed as standby counsel, as Ms. Johnson was no longer with the Office of Defense Services by the time any such motion was scheduled to be heard.

3. Saunders, officially acting *pro se*, filed numerous pretrial motions, including a removal to the United States District Court.[5] All of Saunders's pretrial filings were resolved and jury selection and trial were set for the morning of May 15, 2023.[6] However, instead of proceeding to trial, Saunders entered the aforementioned plea of guilt following a lengthy colloquy by the Court.[7]

4. Saunders then filed a Motion for Modification of Sentence on July 28, 2023.[8] The motion was denied on August 3, 2023.[9] An "Amended" Motion for

[2] D.I. 69.
[3] D.I. 3
[4] D.I. 80.
[5] D.I.58, 59, 61, 62, 63.
[6] D.I. 64, 65, 66, 67, 68, 70.
[7] D.I. 69.
[8] D.I. 71.
[9] D.I. 72

Modification of Sentence was filed on August 9, 2023.[10] This, too, was denied on August 23, 2023.[11]

5.  The instant motion for postconviction relief was filed on September 18, 2023.[12] Following the State's response,[13] Defendant's response,[14] and an Affidavit of counsel received from Ms. Brown,[15] the Court reviewed Saunders's request for appointment of counsel contained in his filings.

6.  Superior Court Rule 61(e)(1) allows for appointment of counsel in post-conviction proceedings if certain circumstances are met. First and foremost, the Rule clearly states that "[a]ny indigent movant's request for appointment of counsel shall be filed contemporaneously with the movant's postconviction motion. Failure to file a contemporaneous request for appointment of counsel with the movant's postconviction motion may be deemed a waiver of counsel."[16]

7.  Because this is Defendant's first postconviction motion, and Defendant entered a guilty plea, Rule 61(e)(3) applies. The rule allows for postconviction counsel to be appointed if: "(i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel

---

[10] D.I. 73.
[11] D.I. 74.
[12] D.I. 75, 76.
[13] D.I. 81.
[14] D.I. 84.
[15] D.I. 86.
[16] Super. Ct. Crim. R. 61(e)(1).

in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel."

8. Finding the exceptional circumstance that this is Defendant's first PCR Motion and given the severity of the charges upon which he was convicted and is serving a lengthy sentence, the Motion for Appointment of Counsel will be permitted and is **GRANTED**.

9. As a result, however, despite the efforts and submissions of counsel thus far, the Court's review of the PCR Motion will be **STAYED** and a new briefing schedule will be issued following the appointment of counsel for Defendant. As vague allegations of ineffectiveness were raised by Saunders stemming from Ms. Johnson's representation, so out of an abundance of caution and in the interests of justice, an Affidavit of counsel will also be sought from Ms. Johnson and provided to appointed counsel.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary
cc:   Dominic Carrera, Deputy Attorney General
      Alicea Brown, Esquire
      Larry Saunders, *Pro Se*, SBI: 00531369